The opinion of the Court was delivered by
Gantt, J.
It is every day’s practice for a plaintiff to obtain leave to discontinue, as to one or more of the defendants, in an action ; and the reason applies with equal force where it becomes proper to strike out the name of a plaintiff. In 2 Sel. 387, it is said that a plaintiff may enter a nol. pros, as to part of the cause of action, as also to some of the defendants. Now1 as a plaintiff may enter a nol. pros., either as to the whole action, ór as to part of the action, or to some of the defendants, (76.,) does it not seem to follow that where several are made plaintiffs, it is competent for one to discontinue, if he choose, so far as he may be concerned ? If one of several plaintiffs ascertain that he has no interest *1421 *a su^Ject matter of the suit, he may, I think, *of common J right, discontinue as to himself; otherwise he might be subjected to the expense of a suit that could profit him nothing; and if withdrawing the name of one of the plaintiffs does not vary the issue, nor alter *455 the nature of the right to be tried, I can see no possible inconvenience which can result from the allowance.
Clendinen, for the motion. Gist, contra.
In 2 Sel. 335, it is laid down that “ a plaintiff may discontinue as a matter of course, anytime before verdict or judgment on demurrer.” And what should hinder one of several plaintiffs, all claiming in the same right, from discontinuing as to himself, when he ascertains that the entire interest appertains to the other plaintiffs, and that he has nothing to gain by the further prosecution of the suit ? If he cannot, thus situated, discontinue as a matter of course, it is surely competent for the Court to grant him leave, seeing it alters not the nature of the case to be tried, nor places either the remaining plaintiffs or the defendant in a different or worse situation.
In referring to authorities, I find that amendments have been allowed even in matter of substance. As in Wilooolcs v. Huggins, 2 Strange, 901, plaintiff declared as executor, on a promise to the testator, and the statute of limitations was pleaded, and issue joined. The plaintiff, on motion, was permitted to amend, by laying the promise as made to himself, on payment of costs, and liberty to defendant to plead de novo.
By striking out proohein amy, plaintiff having attained full age. Barnes’ Notes, 18.
In 1 Com. Dig. 465, “if the amendments are very long, yet if not matter of new title, and inserted in the-rule, declaration may be amended, though not withdrawn, to declare de novo
In 2 Bur. 156, it is said, that upon application to the Court by motion, or to a judge at his chambers by summons, the proceedings may always be amended, let them be in what stage they may, and whether in matter' of form or substance, whilst they are in paper ; but this is done upon equitable terms, so that the other side may not be prejudiced; as paying costs, not ^delaying the adverse party, giving him time to plead de novo, which is generally two days after amendment made, or L as the nature of the case may require, and the like. Salk. 41. 1 Wil. 1, 26, 223. 3 Salk. 31. 1 Salk. 511.
Upon the whole, it appears to me to be a question of practice merely, which depends upon the discretion of the Court; and so to be exercised as not to prejudice the parties litigant. The striking out the name of this plaintiff neither varies the nature of'the action nor requires any alteration in the pleadings. The remaining plaintiffs will derive no benefit, nor the defendant sustain a disadvantage; from the ■ permission being granted. Under these circumstances, I entertain no doubt but it is competent for the Court to direct the amendment to be made ; and therefore think that the decision below should be reversed, and that the amendment asked for be allowed to be made ; and this is the opinion of the Court.
Nott, Johnson, and RICHARDS in, JJ., concurred.
Colcock, J., dissented.
1 vol. 354, and note ; 1 Rich,. 383; 3 Hill, 341.